**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

No. 06-1523

PETER K. FREI,

Plaintiff, Appellant,

v.

TOWN OF HOLLAND, ET AL.,

Defendants, Appellees.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor,  U.S. District Judge]

———————

Before

Torruella, Lynch and Howard,
Circuit Judges.

———————

Peter K. Frei on brief pro se.
Nancy Frankel Pelletier, Dorothy Varon and Robinson Donovan,
P.C., on brief for appellees.

———————

January 5, 2007

———————

**Per Curiam**.  Pro se appellant Peter Frei appeals from the district court's grant of defendants' Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.  After careful consideration of the record and appellate claims, we affirm, substantially for the reasons given in the comprehensive and well-written Memorandum and Order by District Judge Ponsor, which is dated February 17, 2006.  We make only the following additional comments.

1.    Even if we deem the April 3, 2001 event Frei highlights to have been within the limitations period, that would not affect the result here.  By itself, the April 3rd event did not state a federal claim and so could not "anchor" the remaining untimely claims against the board of health.  Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 7 (1st Cir. 2005) (where serial continuing violations are alleged, "the act that falls within the limitations period must itself constitute an actionable violation").

2.    In his appellate brief, Frei fails to address a critical element of his "class of one" equal protection claim against the town planning board.  See Barrington Cove Ltd. Partnership v. Rhode Island Housing & Mortg. Finance Corp., 246 F.3d 1, 8 (1st Cir. 2001) (confirming that the complaint must adequately allege all of the relevant respects in which the plaintiff and more favorably treated applicants were "similarly situated").  Thus, he has waived or forfeited his right to

-2-

appellate consideration. Casillas-Díaz v. Palau, 463 F.3d 77, 83 (1st Cir. 2006) ("Few principles are more a part of the warp and woof of appellate practice than the principle that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (citation omitted).

3. The pertinent state law, M.G.L. c. 41, §§ 81L and 81P, did not entitle Frei to the planning board's endorsement of his plans to divide one parcel of land. The mandatory language Frei focuses on is qualified by other statutory language, as the district judge recognized. Hence, the dismissal of the procedural due process claim was proper for that reason alone.

4. The substantive due process claim based on allegations of perjury, falsification of documents, and retaliatory action, fails under this circuit's case law. See, e.g., Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 623-24 (1st Cir. 2000) (rejecting substantive due process claim based on police provision of false affidavits and testimony to support a trumped-up burglary charge); Pagán v. Calderón, 448 F.3d 16, 33-34 (1st Cir. 2006) (rejecting retaliation claim because "[s]ubstantive due process is an inappropriate avenue of relief when the governmental conduct at issue is covered by a specific constitutional provision" like the First Amendment).

5. Frei has not established that the district judge's decision on his takings claim is inconsistent with Supreme Court

law, as he maintains.  He fails to cite any case or other authority that would support his claim that the one-year limitations period for his state remedy renders that remedy inadequate.  At this point, it is speculative whether the state law cap on municipal liability would render the state remedy inadequate.

6.   As for the retaliation claim against the town planning board, the complaint itself indicates that the board declined to endorse Frei's plans before learning that Frei intended to file a mandamus action.  Moreover, Frei's prior applications to state courts or agencies were all too remote in time to give rise to an inference of retaliation by the board.  See Centro Medico, 406 F.3d at 11 n.5 (even a two-year lapse of time between the plaintiff's and defendant's actions "undercuts rather than supports" the existence of a causal connection).

7. Contrary to Frei's contention on appeal, the district judge did rule on his motion to amend his complaint a second time, denying it as untimely.  Moreover, the claim Frei now seeks to add -- that one defendant misrepresented the facts and law to the state court judge presiding over Frei's mandamus action -- is not a federal claim.  See Cruz-Erazo, supra, 212 F.3d at 623-24.

Affirmed.